C. C. Engel and Stewardson Community High School District No. 192, Appellants, v. V. Max Elbert et al. and Shelbyville Community High School District No. 195, Appellees.

Gen. No. 9,484.

190

Opinion filed February 28, 1946. Released for publication March 26, 1946.

CHARLES R. MYERS, of Vandalia, for appellants.

A. L. YANTIS, of Shelbyville, for appellees.

MR. JUSTICE WHEAT delivered the opinion of the court.

This is an appeal from an order of the circuit court of Shelby county, affirming the action of the county superintendent of schools of Shelby county, in detaching certain territory from Stewardson Community High School District No. 192 and adding the same to Shelbyville Community High School District No. 195.

On September 11, 1944, a petition to detach the territory in question from Stewardson Community High School District No. 192 and to add the same to Shelbyville Community High School District No. 195 was filed in the office of the county superintendent of schools of Shelby county, Illinois. Subsequent proceedings were had resulting in an order of the county superintendent of schools of Shelby county granting the prayer of the petition, detaching the territory from the Stewardson district and adding the same to the Shelbyville district. The proceedings were conducted under the provisions of par. 99d, ch. 122, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 123.106(2)]. On appeal to the circuit court of Shelby county, the appellants herein filed a motion to strike the petition for detachment on the ground that the county superintendent

had no jurisdiction to act on the petition for the reason that the Shelbyville district was organized subsequent to January 1, 1940. The circuit court denied the motion and the order of the county superintendent was affirmed.

The statute in question (par. 99d, ch. 122, Ill. Rev. Stat. 1943) provides in part as follows:

"In addition to means for creating high school districts heretofore provided in this act, the county superintendent of schools shall have power to alter the boundaries of existing community and township high school districts organized prior to January 1, 1940, when petitioned by the voters as hereinafter provided. The county superintendent of schools shall change the boundaries of any township or community high school districts so as to detach territory from one such high school district and add the same to another such high school district: (1) when petitioned by two-thirds of the legal voters residing within the territory proposed to be detached, as described in the petition and by a majority of the legal voters residing in the high school district to which such territory is proposed to be added, asking that such territory be detached from the one high school district and added to the other high school district; or (2) when petitioned by a majority of the legal voters of the entire school district containing the territory proposed to be detached from such district and by a majority of the legal voters residing in the high school district to which such territory is proposed to be added; asking that such territory, therein described, be detached from the one high school district and added to the other high school district."

From the stipulation of facts, it appears that Stewardson Community High School District No. 192 was organized prior to January 1, 1940, and that Shelbyville Community High School District No. 195 was organized in 1944. The sole question raised is as to

whether or not the county superintendent of schools had jurisdiction to act on the petition by reason of the fact that the Shelbyville district was organized subsequent to January 1, 1940.

Appellants contend that the county superintendent had no jurisdiction or authority to alter the boundaries of either district by detaching from the one which was organized prior to January 1, 1940, and adding the same to a district organized subsequent to that date, and that the statute above quoted is applicable only in situations wherein each of the two districts concerned were organized prior to January 1, 1940.

Appellees argue that the county superintendent had the power to detach territory from a district organized prior to January 1, 1940, and that it is immaterial as to what disposition was then made of such detached territory, and the fact that the territory so detached was to be added to another district did not limit or restrict the jurisdiction of such superintendent.

The issue presented has not been heretofore determined by any Illinois reviewing court, and it is necessary to construe the language in the following excerpt from such statute: " . . . The county superintendent of schools shall have power to alter the boundaries of existing community and township high school districts organized prior to January 1, 1940, . . ."

There is merit in the contention that one of the uncertainties facing any community high school district relates to the question of territory, for on that depends the assessable property for tax income and its potential of prospective pupils, both of which, in turn, affect the size of its teaching staff, its physical equipment and the ability to render adequate school service. In general, the predictability of income and expense and the requirements of a school plant in a district are all dependent on its taxable area. It is argued that districts organized prior to January 1, 1940, presumably were reasonably stablized as to area and that the legislature, by said statute, sought to preserve such status

against the danger that new districts might be created which would attempt to acquire part of the territory of the pre-existing districts.

It is equally logical to argue that by this statute the legislature intended to furnish some protection to newly created districts to preserve any possible loss of territory to a pre-existing district; that when a new district is created, emotions frequently run high and those citizens opposed to the creation of the new district might attempt to injure the same through attempts to have property detached. Each of these views is entirely consistent with what this court believes to be the plain meaning of the statute, to-wit: that to confer jurisdiction on the county superintendent, it is necessary that each of the districts involved must have been organized prior to January 1, 1940.

It is our opinion that the intention of the legislature was to accomplish the double purpose of ending the uncertainty of an old district of the fear that a new district might be created subsequent to January 1, 1940, which would acquire part of its territory, and to charge any district sought to be created after such date with the knowledge of the improbability of acquiring any territory from an already established district. The statute would also end any fear of a newly created district of losing any of its territory to a district theretofore established. We believe this construction fully accomplishes both purposes and gives to the words "alter" and "change," as used in the statute, their plain and ordinary meaning.

The trial court should have sustained the motion to strike the petition for detachment for the reason that Shelbyville Community High School District No. 195 was organized subsequent to January 1, 1940, rendering the statute inapplicable. The finding of the trial court is reversed with directions to strike the petition.

*Reversed and remanded with directions to strike petition.*